IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ulysses Richman, ) | Case No.: 9:24-1635-JD-MHC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Graham, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry (DE 24), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Respondent Warden Graham's ("Respondent" or "Warden Graham") Motion to Dismiss or, in the Alternative, for Summary Judgment (DE 12) seeking to dismiss Petitioner Ulysses Richman's ("Petitioner" or "Richman") Section 2254 petition for habeas corpus.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Petitioner is an inmate incarcerated at FCI Williamsburg in Salters, South Carolina. (DE 1-1.) Petitioner is serving an aggregate term of imprisonment of 185

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

months, which began on December 1, 2014, and he has a projected release date of September 25, 2028, via Good Conduct Time release. (DE 12-1.) The sentence is composed of: (1) a 180-month term imposed on October 27, 2014, in the Middle District of Florida, and (2) a 5-month consecutive term imposed on February 16, 2016, by the Eastern District of Arkansas. (*See* Civil Action No. 2:13-cr-127-FTM-29DN (M.D. Fla.); Civil Action No. 4:16-cr-00012-01 (E.D. Ark.).)

Petitioner filed the instant action on April 2, 2024, alleging that the Bureau of Prisons ("BOP") is misinterpreting the First Step Act ("FSA") and has improperly denied him time credits for EBRR Programming in light of the FSA. (DE 1-1.)[2] Petitioner alleges that his sentences should be viewed separately for the purposes of the FSA because he has both an eligible and an ineligible offense, and he asserts that even if BOP aggregates his offenses, he has already served the sentence on his ineligible offense. (DE 1-1 at 1–3.) Petitioner further asserts that the BOP's actions violate his constitutional rights under the Fifth and Eighth Amendments. (*Id*.) Respondent does not dispute that prior to filing the instant case, Petitioner exhausted his administrative remedies with the BOP. (DE 12 at 2; DE 12-1.)

---

[2] The FSA provides, among other things, that eligible inmates who successfully complete EBRR programming or productive activities earn time credits at a rate described in the statute. 18 U.S.C. § 3632(d)(4). However, 18 U.S.C. § 3632(d)(4)(D) provides an extensive list of offenses that render an inmate "ineligible to receive [FSA] time credits," if the inmate is "serving a sentence for a conviction" of any of the enumerated offenses. One of those enumerated disqualifying offenses is "Section 1791, relating to providing or possessing contraband in prison." 18 U.S.C. § 3632(d)(4)(D)(xxix). (DE 24 at 6-7.)

Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.³ (DE 12.) Respondent argues that the § 2241 Petition should be dismissed because: (1) Petitioner was properly deemed ineligible to earn FSA Time Credits, and (2) Petitioner cannot establish his constitutional claims. (*Id.*) Petitioner filed a Response in Opposition (DE 21), and Respondent filed a Reply. (DE 22.)

### B. Report and Recommendation

On December 19, 2024, the Magistrate Judge issued the Report recommending that Respondent's Motion for Summary Judgment be granted and the Petition be Dismissed. (DE 24.) The Report found that the BOP properly concluded that Petitioner is ineligible to earn FSA time credits due to the § 1791 conviction. (DE 24 at 13.) Petitioner has not objected to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

³   Respondent moved under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. (DE 12.) Because the parties submitted, and the Magistrate Judge considered, matters outside of the Petition, Respondent's Motion has been treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

### D. Conclusion

Since Petitioner has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 24) and incorporates it here by reference.

It is, therefore, **ORDERED** that the Respondent's Motion for Summary Judgment (DE 12) is granted and the Petition is dismissed. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 7, 2025

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.